UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS

Debtor(s): Shawn Gregory Byrd            Case No. 4:24-bk-11932

# Arkansas Chapter 13 Plan
(Local Form 13-1)

**Original Plan** ■    **Amended Plan** ☐    **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:   ☐ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Delta, Northern, or Central ***Batesville and Pine Bluff filed prior to 11/28/2019***): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

■ **Original plan filed** *after* **the petition is filed or amended plan (only if filed** *prior* **to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Shawn Gregory Byrd**        Case No. **4:24-bk-11932**

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ■ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1    The debtor(s) will make regular payments to the trustee as follows:**
  *Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**1,595.75** per month to the trustee. The plan length is **60** months.
    The following provision will apply if completed:

    Plan payments will change to $__ per month beginning on __.

    Plan payments will change to $__ per month beginning on __.
        *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Payments shall be made from future income in the following manner:**

  Name of debtor  **Shawn Gregory Byrd**
  ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

  ■ Employer Withholding of $**368.25** per pay period.

    Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ■ weekly, ☐ Other
    If other, please specify:____
    Employer name:  **Express Employment**
    Address:

    Phone:

  Name of debtor

  ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

  ☐ Employer Withholding of $____ per month.

    Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
    If other, please specify:____
    Employer name:
    Address:

Debtor(s) **Shawn Gregory Byrd**                                                                   Case No. **4:24-bk-11932**

Phone:

**2.3**    **Income tax refunds.**

*Check one.*

■ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4**    **Additional payments.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

# Part 3: Treatment of Secured Claims

**3.1**    **Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| **AR Kraft Employees FCU** | 2016 Lawnmower<br>Location: 20 Water Oak Dr., Conway AR 72034 | 20.00 | ■ Preconfirmation<br>☐ Postconfirmation |
| **Kimberly Clark Credit Union** | 2015 Ford Explorer Limited 4WD 148,000 miles<br>VIN: 1FM5K8F8XFGB46719<br>3400 Irby Dr., Apt 507, Conway, AR 72034 | 140.00 | ■ Preconfirmation<br>☐ Postconfirmation |
| **Kimberly Clark Credit Union 7589** | 2019 Ford F-150 King Ranch Crew Cab 4WD 96,000 miles<br>VIN: 1FTEW1E52KKE88390<br>(Debtor's primary vehicle)<br>Location: 20 Water Oak Dr., Conway AR 72034 | 350.00 | ■ Preconfirmation<br>☐ Postconfirmation |

Debtor(s) **Shawn Gregory Byrd**                                           Case No. **4:24-bk-11932**

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Performance Finance | 2019 Polaris General 1000 Location: 20 Water Oak Dr., Conway AR 72034 | 160.00 | ■ Preconfirmation<br>☐ Postconfirmation |

**3.2    Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3    Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

■ Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| **AR Kraft Employees FCU** | 2016 Lawnmower Location: 20 Water Oak Dr., Conway AR 72034 | pre-petition | 1,800.00 | 5,000.00 | 8.50% | 36.93 |
| **Kimberly Clark Credit Union** | 2015 Ford Explorer Limited 4WD 148,000 miles VIN: 1FM5K8F8XFGB46719 3400 Irby Dr., Apt 507, Conway, AR 72034 | 2023 | 14,000.00 | 9,575.00 | 8.50% | 287.23 |

**3.4    Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.**

Debtor(s) **Shawn Gregory Byrd**                                                  Case No. **4:24-bk-11932**

■ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each nongovernmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral*. For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.

The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| **Kimberly Clark Credit Union 7589** | 2019 Ford F-150 King Ranch Crew Cab 4WD 96,000 miles VIN: 1FTEW1E52KKE88390 (Debtor's primary vehicle) Location: 20 Water Oak Dr., Conway AR 72034 | 2022 | 35,000.00 | 39,195.00 | 8.50% | 718.08 | 0.00 |
| **Performance Finance** | 2019 Polaris General 1000 Location: 20 Water Oak Dr., Conway AR 72034 | 2022 | 17,000.00 | 16,000.00 | 8.50% | 328.26 | 1,000.00 |

3.5       **Surrender of collateral.**

■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6       **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

4.1       **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

4.2       **Trustee's fees.**

Arkansas Plan Form - 1/20                                                                                                                Page 5

Debtor(s) **Shawn Gregory Byrd**                                                                 Case No. **4:24-bk-11932**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

|  |  |
|---|---|
| Amount paid to attorney prior to filing: | $ **634.00** |
| Amount to be paid by the Trustee: | $ **3,740.25** |
| Total fee requested: | $ **4,300.00 + $74.25 (noticing costs)** |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ __**1,500.00**__ and __**25.00**__ %, respectively.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| Faulkner County Collector | Personal Property Taxes | 750.00 |

**4.5    Domestic support obligations.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*


# Part 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims.**

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
■ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other. Please specify ____

**5.2    Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*


**5.3    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Debtor(s) **Shawn Gregory Byrd**        Case No. **4:24-bk-11932**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**    **Executory Contracts and Unexpired Leases.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**    **Sale of assets.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3**    **Claims not to be paid by the trustee.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4**    **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

■ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation.

■ entry of discharge.

☐ other: _____

## Part 8: Nonstandard Plan Provisions

■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in**

Debtor(s) **Shawn Gregory Byrd**  Case No. **4:24-bk-11932**

**Part 8.**

**/s/ John A. Flynn**  **Date** July 16, 2024
**John A. Flynn**
**Signature of Attorney for Debtor(s)**

**/s/ Shawn Gregory Byrd**  **Date** July 16, 2024
**Shawn Gregory Byrd**

**Date**

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney;**
**otherwise optional)**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan filed has been served by CM/ECF to the Chapter 13 Standing Trustee; Patricia Stanley, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on July 16, 2024:

| | |
|---|---|
| Department of Finance and Administration<br>Legal Division<br>P.O. Box 1272<br>Little Rock, AR  72203 | Department of Workforce Services<br>Legal Division<br>P.O. Box 2981<br>Little Rock, AR  72203 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | U.S. Attorney, Eastern District<br>P.O. Box 1229<br>Little Rock, AR 72202 |

And to all creditors whose names and address are set forth on the following page(s) (matrices).

The undersigned further certifies that a true and correct copy of the attached Chapter 13 Plan that requests a valuation determination pursuant to Section 3.4 was served by U.S. Mail, postage prepaid, to the following as noted:

Performance Finance
Attn: President
P.O. Box 17879
Reno, NV 89511
*(via First Class U.S. Mail)*

Kimberly Clark Credit Union
Attn: President
1520 N Second St.
Memphis, TN 38107
*(via Certified Mail)*

                                                **/s/ John A. Flynn**
John A. Flynn, #99217
FLYNN LAW FIRM
P.O. Box 1344
Cabot, AR  72023-1344
Tel. (501) 843-8886
Fax: (501) 843-8887
flynnbankruptcy@gmail.com

| | | |
|---|---|---|
| Dept. of Finance & Admin.<br>Legal Division<br>P.O. Box 1272<br>Little Rock, AR 72203 | U.S. Attorney Eastern District<br>P.O. Box 1229<br>Little Rock, AR 72203 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Dept. of Workforce Services<br>Legal Division<br>P.O. Box 2981<br>Little Rock, AR 72203 | AR Kraft Employees FCU<br>338 Highway 113<br>Morrilton, AR 72110 | Arkansas Retina Clinic<br>924 Main Street<br>Conway, AR 72032 |
| Best Egg<br>PO Box 7606<br>Philadelphia, PA 19101 | Capital One, N.A.<br>4515 N. Santa Fe Ave.<br>Oklahoma City, OK 73118 | Comenity Bank<br>Bankruptcy Dept.<br>PO Box 182125<br>Columbus, OH 43218-2125 |
| Comenity Bank<br>PO Box 182273<br>Columbus, OH 43218-2273 | Conway Orthopedic & Sports<br>550 Club Ln.<br>Conway, AR 72034 | Conway Regional Neuroscience<br>PO Box 9662<br>Conway, AR 72033-9662 |
| Conway Regional Primary & Spec<br>PO Box 9662<br>Conway, AR 72033-9662 | Credit One Bank<br>PO Box 98875<br>Las Vegas, NV 89193 | Faulkner County Collector<br>806 Faulkner St.<br>Conway, AR 72034 |
| Kimberly Clark Credit Union<br>Attn: President<br>1520 N Second St.<br>Memphis, TN 38107 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Mercury Card Services<br>PO Box 84064<br>Columbus, GA 31908-4064 |
| MSC Eye Associates<br>924 Main St.<br>Conway, AR 72032 | Performance Finance<br>Attn: President<br>P.O. Box 17879<br>Reno, NV 89511 | Performance Finance<br>PO Box 5108<br>Oak Brook, IL 60523 |
| Quantum3 Group, LLC<br>PO Box 788<br>Kirkland, WA 98083 | Upgrade Inc<br>275 Battery St, 22nd Floor<br>San Francisco, CA 94111 | Valero<br>DSRM National Bank<br>P.O. Box 631<br>Amarillo, TX 79105 |